*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANSLEY NICKELL,

        Claimant-Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

UNPUBLISHED
March 11, 2025
11:09 AM

No. 369779
Wayne Circuit Court
LC No. 23-006305-AE

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

SWARTZLE, J., (*concurring*).

I concur in full with the majority opinion. I write separately simply to point out that the question of whether the agency should waive restitution and interest is not before us in this appeal, contrary to claimant's position at oral argument. The agency's application did not raise this issue, and this Court cited MCR 7.205(E)(4) in granting the application, which limits the issues before us to those raised in the application and supporting brief.

With that said, there is nothing in the administrative record to suggest that claimant provided any information to the agency with the intent to misrepresent her circumstances, and therefore claimant appears to have satisfied the condition that applying restitution and interest payments would be "contrary to equity and good conscience." MCL 421.62(a)(*i*). Moreover, the agency decided not to participate in any of the three hearings before the administrative law judge, when the record of claimant's circumstances was developed. Had the agency involved itself in at least one of these earlier hearings, the expense of time and resources of the parties and various tribunals involved could have been minimized.

Because claimant failed to show eligibility for unemployment insurance benefits, and because the issue of restitution and interest is not before us, I concur in the majority's opinion.

/s/ Brock A. Swartzle

-1-